IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| KING-ROBERT L. BROOKS | ) | |
| | ) | |
| v. | ) | NO. 3:23-cv-01138 |
| | ) | |
| FREEDOM MORTGAGE *et al.* | ) | |

TO:   Honorable Eli Richardson, United States District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered October 30, 2023 (Docket Entry No. 7), the Court referred this *pro se* action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. " 636(b)(1)(A) and (B), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Pending before the Court is the motion to dismiss (Docket Entry No. 14) filed by Defendants Freedom Mortgage Corporation and Stan Moskowitz. Plaintiff has not responded to the motion. Although Plaintiff failed to timely respond, on April 18, 2024, Defendants filed a "Reply in Support of Defendants' Motion to Dismiss Complaint" (Docket Entry No. 19), in which they reiterate their request for dismissal, including based on Plaintiff's failure to timely respond to the motion to dismiss. For the reasons set out below, the undersigned respectfully recommends that the motion be **GRANTED** and that this action be **DISMISSED**.

## I.   BACKGROUND

King-Robert L. Brooks (Plaintiff) is a resident of Clarksville, Tennessee.  On October 27, 2023, he filed this *pro se* lawsuit against Freedom Mortgage Corporation ("Freedom"),

asserted to be a Florida business, and Stan Moskowitz ("Moskowitz"), asserted to be the "CFO" of Freedom and living in Florida. See Complaint (Docket Entry No. 1).

Although Plaintiff's complaint is accompanied by several pages of documents that appear to be related to a home mortgage that is in arrears, Plaintiff's actual complaint is fairly sparse. He asserts that he brings federal claims under "Section 29(B)" and "16:1-2" of the Federal Reserve Act and under the "Bills of Exchange Act," and he sets out the following statement as his supporting factual allegations:

> Freedom Mortgage, their CFO, and indenture trustee have prevented me from accessing my interest and equity owed; as well as willfully ignored by rights to perform the balance of my account, in accordance with federal and state laws. This has caused unnecessary stress, hardships, and problems (financial, and personal).

Id. at 4. As relief, Plaintiff requests:

> I am asking the Court to enforce the law, by allowing bill performance in accordance with the aforementioned acts and laws; have the defendants reimburse the filing cost/fee; and have the defendants pay the plaintiff's attorney fees ($405,00 total amount); or to use the guidelines set for the by the Federal Reserve Act in Section 29 Tier 1 - $25,000; Tier 2 - $125,000; Tier 3 $111,000,00 ($111, 150,000 total) (time covered 1 May – 1 November 2023.

Id. at 4-5.

Plaintiff's motion for default judgment was denied, and Defendants were granted an extension of time to respond to the complaint. See Order entered January 5, 2024 (Docket Entry No. 13). In lieu of an answer, Defendants filed the pending motion to dismiss.

Defendant Moskowitz raises a defense under Rule 12(b)(5) of the Federal Rules of Civil Procedure, contending that he has not been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure. Defendants further argue that this lawsuit should be dismissed because Plaintiff's factual allegations fail to support a legal claim for relief against them.

Specifically, they argue that Plaintiff does not have a private cause of action to pursue under the provisions of Federal Reserve Act that he references or under the "Bills of Exchange Act." *See* Memorandum in Support (Docket Entry No. 15).

By Order entered February 22, 2024 (Docket Entry No. 16), the Court notified Plaintiff of the motion to dismiss and set a deadline of March 15, 2024, for him to file a response. Upon Plaintiff's motion, the Court extended this deadline to April 15, 2024. *See* Order entered March 18, 2024 (Docket Entry No. 18).[1] In its Orders, the Court specifically advised Plaintiff that the failure to file a response may result in the motion to dismiss being granted. As of the date of this Report and Recommendation, Plaintiff has not made any filing in response to the motion to dismiss.

## II. STANDARD OF REVIEW

Defendants' motion is reviewed under the standard that the Court must accept as true all of the well-pleaded allegations contained in the complaint and construe the complaint in the light most favorable to Plaintiff. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Because Plaintiff is a *pro se* litigant, the Court is also required to view his complaint with some measure of a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Although the complaint need not contain detailed factual allegations, the factual allegations supplied must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a plausible claim for relief, the alleged facts must provide Amore than a sheer possibility

---

[1] Under Fed. R. Civ. P. 6(d), an additional three days is added to this time, making the

that a defendant has acted unlawfully. *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). The well-pleaded factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

### III. ANALYSIS

After review of the record in this case, the Court finds that Defendants' motion to dismiss should be granted and this action should be dismissed. First, although Plaintiff was specifically notified of the motion, given an extended response deadline, and warned of the need to respond, he has not responded in any manner to the motion. Under Local Rule 7.01(a)(3), Plaintiff's failure to file a response indicates that there is no opposition to the motion. *See also Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470 at *2 (6th Cir.1989) (unpublished table decision) (if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.). Likewise, his failure to take action to defend against the request for dismissal of his claims indicates that he does not oppose the dismissal of his lawsuit and/or that he has abandoned his claims. *See Doe v. Bredesen*, 507 F.3d 998, 1007-08 (6th Cir. 2007) (affirming the district court's conclusion that the plaintiff abandoned certain claims by failing to raise them in his brief opposing the government's motion to dismiss).

Second, Defendant Moskowitz raises a sound procedural argument for the dismissal of this lawsuit against him by pointing out deficiencies in Plaintiff's attempt to serve process upon

---

deadline April 18, 2024. Plaintiff did not respond by this date.

him. Plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington-Fayette Urb. Cnty. Gov't*, 18 F.App'x 285, 287 (6th Cir. 2001). Plaintiff has not met his burden on this issue, and dismissal of Moskowitz is warranted for this reason alone under Rule 12(b)(5) of the Federal Rules of Civil Procedure.

Finally, as to the merits of the complaint, Defendants have set forth a sound and reasoned legal argument that Plaintiff fails to show that the has any type of viable legal cause of action against them under the Federal Reserve Act or the "Bills of Exchange Act," as he asserts in his complaint. *See* Memorandum at 5-6. With respect to the Federal Reserve Act, Section 16 governs the issuance and redemption of Federal Reserve notes and Section 29 imposes penalties on banks. *See* 12 U.S.C. §§ 411-21 and 12 U.S.C. § 504. There is no private cause of action under these statutory provisions. *See Lillacalenia v. Kit Fed. Credit Union*, 2014 WL 3940289, at *2 (W.D. Ky. Aug. 12, 2014) (*sua sponte* dismissal of *pro se* complaint that referred to Federal Reserve Act); *White v. Lake Union Ga Partners LLC*, 2023 WL 6036842, at *2 (N.D. Ga. July 14, 2023) (noting that multiple courts across the country have held that Section 16 of the Federal Reserve Act does not provide a private right of action). With respect to the "Bills of Exchange Act," there is no such federal statute in the United States Code of which the Court is aware, and Plaintiff fails to provide a reference to such a statutory citation. *See Slaughter v. US Cellular*, 2023 WL 9051307, at *3 (E.D. Wis. Dec. 29, 2023) (noting that there is no federal "Bills of Exchange Act.").

Given the lack of a response from Plaintiff that rebuts Defendants' arguments and that shows why his claims should not be dismissed, it is not the duty of the Court to Aabandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking

out facts, developing legal theories, and finding ways to defeat the motion. *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992). *See Cunningham v. Enagic USA, Inc.*, 2016 WL 5415106 at *2 (M.D.Tenn. Sept. 28, 2016) (Sharp, J.) (This Court is not required to develop legal theories and arguments in Plaintiff's stead in order to defeat the motion to dismiss.); *Birmingham-Jefferson Cnty. Transit Auth. v. Boatright*, 2009 WL 2601926 at *1 (M.D.Tenn. Aug. 20, 2009) (Campbell, J.) (favorably citing *Guarino* in review of motion to dismiss for which there was no response). In the absence of any type of response from Plaintiff, it is not the Court's duty to make arguments on his behalf for why his lawsuit should not be dismissed.

## R E C O M M E N D A T I O N

For the reasons set out above, it is respectfully **RECOMMENDED** that the motion to dismiss (Docket Entry No. 14) filed by Defendants Freedom Mortgage Corporation and Stan Moskowitz be **GRANTED** and that this action be **DISMISSED**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

>Respectfully submitted,
>
>_____
>BARBARA D. HOLMES
>United States Magistrate Judge