IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KING-ROBERT L. BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:23-cv-01138 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| FREEDOM MORTGAGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

Pending before the Court[1] is a Report and Recommendation (Doc. No. 20, "R&R") filed on April 19, 2024, wherein the Magistrate Judge recommends that the Court grant Defendants Freedom Mortgage Corporation and Stan Moskowitz's "Motion to Dismiss" (Doc. No. 14). This recommendation is based on Plaintiff's failure to oppose the Motion to Dismiss, on procedural grounds, and on the merits. Objections by Plaintiff to the R&R (Doc. No. 21, "Objections") were not filed with the Court until May 8, 2024, making them untimely.[2]

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). The district court

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored and filed the R&R.

[2] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. For pro se plaintiffs, like Plaintiff, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by U.S. mail.

is not required to review, under a de novo or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* As there has been no timely objection, the Court adopts the Magistrate Judge's findings and recommendations.

The result would be no different even if the Court were to treat the Objections as timely filed and therefore consider the Objections. The Objections themselves indicate that although Plaintiff objects to the dismissal of the case, he recognizes the flaws in his complaint and wishes to "drop the case" and "withdraw it" so he can correct the flaws and refile a new case. The Court understands this to be an admission that the Motion to Dismiss has merit and a request that the Motion to Dismiss be without prejudice to refile. So it does not appear that Plaintiff does not actually object to the dismissal of this case after all. And in any event, the Objections fail to assert any objection to any specific aspect of the R&R, thus leaving nothing for the Court to do but adopt the Magistrate Judge's findings and recommendations.

Accordingly, the R&R (Doc. No. 20) is ADOPTED, the Motion to Dismiss (Doc. No. 14) is GRANTED, and this action is DISMISSED pursuant to Rule 12. The Clerk of the Court is DIRECTED to enter final judgment under Federal Rule of Civil Procedure 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE